**No. 53312.**—Collin & Gissel *v.* United States, protest 122968–K (Galveston).

Opinion by JOHNSON, J. Following the authorities cited in Abstract 15400 the court dismissed the protests.

BEFORE THE FIRST DIVISION, JUNE 21, 1949

**No. 53313.**—McCurrach Organization, Inc. *v.* United States, petition 6620–R (New York).

Opinion by MOLLISON, J. From the record it was clear that the advance in value which resulted in the imposition of additional duties was the result of an honest difference of opinion between the importer and the customs authorities. Upon the entire record it was held that the entry of the merchandise at less value than that returned upon final appraisement was without intent to defraud the revenue of the United States or to conceal or misrepresent the facts of the case or to deceive the appraiser as to the value of the merchandise. The petition was therefore granted.

BEFORE THE FIRST DIVISION, JUNE 22, 1949

**No. 53314.**—Meyer Hecht, Inc. *v.* United States, protest 119022–K (New York).

Opinion by COLE, J. It was stipulated that the merchandise, issues, and facts involved are the same in all material respects as those presented in *Perry, Ryer & Company* v. *United States* (35 C. C. P. A. 28, C. A. D. 367). The undisputed facts established that certain percentages of the merchandise consisted of skins of hybrid goats of common and Angora origin, dutiable at 32 cents per pound on a clean content of 25 percent, as assessed, the dutiable weights being the percentages as set forth in the stipulation. The remaining merchandise, consisting of skins of the common goat of the Argentine, was held free of duty under paragraph 1765 as raw skins, not specially provided for, as claimed.

**No. 53315.**—Winthrop-Stearns, Inc. *v.* United States, protests 146075–K, etc. (New York).

Opinion by COLE, J. It was stipulated that the merchandise consists of ox gall the same in all material respects as the substance passed upon in *G. D. Searle & Co.* v. *United States* (21 Cust. Ct. 112, C. D. 1138). The claim for free entry under paragraph 1669 was therefore sustained.